UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH F. OLIVARES,

    Plaintiff,

v.                                  Case No. 14-10098

LEON COUNTY FLORIDA STATE         HON. AVERN COHN
ATTORNEYS OFFICE, TALLAHASSEE
POLICE DEPARTMENT, CIRCUIT COURT
FOR LEON COUNTY FLORIDA,

    Defendants.
_____/

**ORDER**
**GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**
**AND**
**DISMISSING COMPLAINT**

I.

Plaintiff Joseph F. Olivares, proceeding pro se, has filed a complaint naming Leon County Florida State Attorneys Office, Tallahassee Police Department, and the Circuit Court for Leon County Florida as defendants.  As best described, plaintiff seeks damages and mandamus relief arising from an arrest in Florida in 1996 which led to a misdemeanor conviction.  He alleges he was not arraigned on the charge and therefore says the conviction should be declared void.  For the reasons that follow, the complaint will be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

II.

Plaintiff seeks to proceed in forma pauperis.  Based upon the information in plaintiff's "Statement for Waiver of Fees and Costs," which the Court construes as an

application to proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis status.

III.

Under 28 U.S.C. § 1915 (e)(2)(B) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief.  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Factual frivolousness includes allegations that are "clearly baseless," "fantastic", or "delusional."  Id. at 327-28.

Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).  Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").  A district court may also dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) when the allegations therein "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (citing Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974).

Finally, the Court must read pro se complaints indulgently, see Haines v. Kerner,

404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

IV.

A.

As an initial matter, on January 9, 2014, plaintiff filed two virtually identical complaints challenging his Florida conviction. The first case was assigned to another judge in this district. Olivares v. Tallahassee Police Department, et al, 14-10097. While the complaint before the undersigned has differently named counts, in both cases plaintiff seeks the same relief in the form of a declaration that the Florida conviction is void as well as damages. The judge to whom plaintiff's first case was assigned dismissed the complaint. See Doc. 3 in case no. 14-10097. Plaintiff's complaint before the undersigned must be dismissed for the same reasons.[1]

B.

First, the complaint is barred by the Rooker-Feldman doctrine. Under this doctrine, lower federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); see also Anderson v. Charter Twp. of Ypsilanti, 266 F.3d 487, 492 (6th Cir. 2001). This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460

---

[1]Additionally, on January 17, 2014, plaintiff filed a paper styled "Motion for New Trial Under Federal Rules of Civil Procedure 59(B)(2) In Motion for Reconsideration Local Rule 7.1 Jury Demand." (Doc. 3). In this filing, plaintiff argues that his complaint should not have been dismissed. Putting aside that plaintiff should have filed his motion in case no. 14-10097, not this case, plaintiff's arguments fail to convince the Court that the complaint should not be dismissed.

3

U.S. at 486, 103 S. Ct. at 1317; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir. 1996). Review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476, 103 S. Ct. at 1311.

Second, plaintiff's claims are barred under the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, the Supreme Court held that a plaintiff cannot recover damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the plaintiff first shows "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus ...." Id. at 486-87.

As stated above, plaintiff is challenging and seeking damages arising allegedly from a failure to be arraigned on a charge which led to his Florida conviction. The federal courts are not permitted to declare state court judgments void or award damages for allegedly improper convictions. Accordingly, the complaint is DISMISSED. The Court also certifies that any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Date: January 22, 2014                    s/ Avern Cohn
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATION

I hereby certify that a copy of this Order was served upon counsel/parties of record on this 22nd day of January, 2014 by electronic and/or ordinary U.S. Mail.

                                              s/ Carol J Bethel
                                              Case Manager